# United States District Court
# District of South Carolina

| | |
|---|---|
| Michael Morgan; | C/A 3:05-1957-MBS-JRM |
| Plaintiff; | |
| vs. | **Report and Recommendation** |
| United States Postal Service, a federal agency of the United States of America; | |
| Defendant. | |

The Plaintiff, Michael Morgan (hereafter, the "Plaintiff"), has brought this *pro se* action to recover money from the Defendant.[1] Pursuant to Title 28 United States Code Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff is a resident of Columbia, South Carolina. He alleges that a package containing an item valued at Six Hundred Ninety-Five Dollars ($695.00) was entrusted to the United States Postal Service on September 26, 2003, for delivery to an address in Pico Rivera, California. Evidently the package never arrived. Plaintiff claims that he intended to purchase insurance. The Postal Service apparently has no record of such insurance.

On May 14, 2004, while represented by an attorney, Plaintiff filed a "Claim for Damage,

---

[1] – This action was originally filed on July 8, 2005. At that time, Plaintiff was represented by Scott L. Hood, Esq., an attorney. By order of the South Carolina Supreme Court, filed on August 3, 2005, Hood was placed on interim suspension pursuant to Rule 17(b), RLDE, Rule 413, SCACR. See Shearhouse Advanced Sheet #31 (August 8, 2005), pp. 47-48.

Injury or Death" (SF-95) which is the initial step to be taken under the Federal Tort Claims Act, 28 U.S.C. § 2670 through § 2680, to pursue a recovery for loss incurred through negligent or wrongful acts, or omissions, by employees of United States government agencies. A copy of the SF-95 was filed with the Complaint in this action. (Docket Entry #1-2, pp. 1-2.) On June 10, 2004, the Postal Service denied the claim in a letter signed by an attorney in the Law Department of the Eastern Area USPS Office. (Docket Entry # 1-2, pp. 3-4.) This action was filed by Plaintiff's attorney on July 8, 2005. Plaintiff has paid the Two Hundred Fifty Dollar ($250.00) filing fee. See Receipt # 300010089 (D.S.C. July 8, 2005).

Since this action commenced, it has come to the Court's attention that the Complaint has not yet been served upon either the United States Attorney for the District of South Carolina or the Attorney General of the United States as required by Rule 4(i)(A) and (B) of the Federal Rules of Civil Procedure (Fed. R. Civ. P). Affidavits of Service filed by Plaintiff's former attorney indicate only that the pleading was sent to agents of the United States Postal Service. (Docket Entries # 4 and # 5.) On December 7, 2005, the Honorable Margaret B. Seymour, United States District Judge for the District of South Carolina, filed an Order to Show Cause apprising Plaintiff of this deficiency and directing him to notify this Court of his intention with regard to this action. (Docket Entry # 6.) Plaintiff has indicated that he wishes to proceed *pro se* and to continue with the action. (Docket Entry # 7.)

## DISCUSSION

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332. The FTCA, for example, is a "federal question" case which means that

Congress establishes by statute the basis contours of litigation to enforce its provisions. "Diversity" jurisdiction exists when the parties are citizens of different states and a minimum jurisdictional amount is at stake. It is not pertinent to this action.

Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over any given matter. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra. See also Rule 12(h)(3) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

The FTCA governs actions to recover damages for negligence from federal officials and agencies. The mandatory first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Plaintiff filed a timely administrative claim in May 2004, which was denied in less than a month. Under 28 U.S.C. § 2401(b), however, Plaintiff's attorney should have commenced this action within six (6) months after the claim was denied. For reasons unknown, this action was not commenced until thirteen (13) months later. Arguably this action might be time-barred under the applicable statute of limitations.[2]

This Court need not decide the issue of timeliness, however, because this action cannot be maintained for a more fundamental reason – lack of subject matter jurisdiction. As a sovereign, the United States is immune from suit absent an express waiver of its immunity. United States v. Sherwood, 312 U.S. 584 (1941); Welch v. U.S., 409 F. 3d 646 (4th Cir. 2005). All waivers of sovereign immunity must strictly construed in favor of the sovereign. Lane v. Pena, 518 U.S. 187 (1996); Welch v. U.S., supra. The FTCA is a limited waiver of sovereign immunity. Certain categories of torts are excluded from coverage by 28 U.S.C. § 2680. As to those excluded categories of torts, the United States has not waived sovereign immunity. United States v. Orleans, 425 U.S. 807 (1976). This Court lacks jurisdiction to entertain a claim so excluded. Dalehite v. United States, 346 U.S. 15 (1953); see Welch v. U.S., supra. This section, in fact, places Plaintiff's claim beyond this Court's jurisdiction:

> The provisions of this chapter and section 1346(b) of this title shall not apply to –
>
> (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

Given this clear statutory exclusion, it is recommended that the within action be dismissed with prejudice. Sportique Fashions, Inc., v. Sullivan, 597 F. 2d 664, 665 (9th Cir. 1979).

---

[2] – Although § 2401(b) contemplates that the administrative denial be transmitted by certified or registered mail, courts have applied the doctrine of "actual notice" to deem untimely suits filed more than six months after the denial. See Pipkin v. U.S. Postal Service, 951 F.2d 272 (10th Cir. 1991). Prior to February 2005, the filing fee in district courts of the United States was One Hundred Fifty Dollars ($150.00). At that time the fee rose to its present rate. Unfortunately, the late filing has cost Plaintiff an additional One Hundred Dollars ($100.00).

## **RECOMMENDATION**

It is recommended that the District Court dismiss the above-captioned case with prejudice and without issuance and service of process. The Plaintiff's attention is directed to the important notice on the next page.

                                            Respectfully Submitted,

                                            s/Joseph R. McCrorey
                                            United States Magistrate Judge

December 27, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**